UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ROBERT THOMAS MAYS,                )
                                   )
          Plaintiff                )
                                   )
     vs.                           )   Case No.  5:07-cv-00780–LSC-HGD
                                   )
SHERIFF J. TYLER RODEN, et al.,    )
                                   )
          Defendants               )

**MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on December 21, 2007, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b).  (Doc. #16).  The plaintiff filed objections to the report and recommendation on January 2, 2008.  (Doc. #17).

The plaintiff states in his objections that, although the defendants' alleged constitutional violations "did in fact result in an unlawful conviction," he is "in no way attempting to invalidate, nor contest, his state conviction through this [court], but to only show the conduct of police officers while performing their professional

duties." (Doc. #17). The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994), that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87. Therefore, when a state prisoner seeks damages in a § 1983 action, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. *Id*. at 487. If that would be the result of the court's action, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. at 487.

Here, the plaintiff contends that "the unlawful search determination will not necessarily invalidate the conviction; in fact, the evidence obtained from the search was only circumstantial in nature and not wholly determinative of guilt in the case." (Doc. #17 at 1). The plaintiff is correct in that an illegal search and seizure may be followed by a valid conviction and, therefore, a successful § 1983 action for Fourth Amendment search and seizure violations may not necessarily imply the invalidity of

a conviction and not barred by *Heck*. However, although the plaintiff characterizes his claim as one for illegal search and seizure, he actually alleges that the defendants planted evidence prior to the execution of a search warrant. (Doc. #17 at 1; Compl. at 4 & 25; Amend. Compl. at 5). A finding by the district court that the defendants (a) unlawfully planted incriminating evidence; (b) provided false testimony during his criminal trial; and (c) confiscated his "witness list," which resulted in the plaintiff's inability to locate "several key witnesses" to provide an "alibi and support [his] innocence" during his criminal trial, would all undermine the validity of the plaintiff's state court conviction and are, therefore, barred by *Heck*.[1]

---

[1] (a) It appears that the plaintiff's Fourth Amendment claims are also barred by the statute of limitations. The United States Supreme Court has held that the proper statute of limitations for a § 1983 action is the forum state's general or residual statute of limitations for personal injury. *See Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989). The residual statute of limitations for personal injury in Alabama is two (2) years. Ala. Code § 6-2-38(1)(1975). Based upon the plaintiff's own factual allegations, any cause of action against the defendants for a Fourth Amendment violation accrued in or around February 2003; therefore, the plaintiff had until February 2005 to file a § 1983 action. The plaintiff did not file this action until April 30, 2007.

(b) Concerning the plaintiff's perjury claims, the Supreme Court has made it clear that convicted individuals may not bring § 1983 damages claims against law enforcement officials or private persons who perjured themselves during trial because the officials and private persons have absolute immunity as witnesses. *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983). Therefore, the plaintiff's claims that defendants Creel and Arrington committed perjury during his murder trial are also due to be dismissed based on immunity grounds.

(c) It was not readily apparent from the complaint and amended complaint what constitutional right the plaintiff claims defendant Raley violated when she confiscated his witness list and the plaintiff's claim was therefore construed as a denial of access to courts. Based on a reading of the plaintiff's objections,

Even if the plaintiff's constitutional claims were not barred by *Heck*, the plaintiff has failed to allege he was injured, separate from the injury of being convicted. Specifically, in order to recover compensatory damages through § 1983, the plaintiff must prove, not only that the defendants' actions were unlawful, but also caused him actual compensable injury which "does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck* at 487, n.7. In this case, the plaintiff's claims of injury, including "loss of the $350,000 estate left to me,"[2] "public humiliation, family abandonment, mental abuse and anguish as well as obtaining staph infection from unsanitary conditions while being segregated . . . before I was illegally and wrongfully convicted, and sentenced to 99 years . . . for a crime I did not commit," all relate to his conviction and are due to be dismissed. (Compl. at 4-5).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court

---

however, it appears that he is claiming confiscation of the list deprived him of the ability to properly defend himself and prove his innocence during his murder trial. Judgment in favor of the plaintiff on such a claim would imply that the plaintiff received a less than fair trial and is therefore barred under *Heck*.

[2] Based on the documents submitted along with the plaintiff's pleadings, it appears that he was convicted of murdering his mother. (Compl.). The plaintiff claims that based on "this false and wrong information," his "remaining family members . . . filed for injunctive relief for my inability to use assets (approx. $350,000.00)." (Compl. at 5). The plaintiff has not provided any legal authority for holding the defendants liable for actions taken by the plaintiff's family members concerning his mother's estate.

is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

Done this 8th day of February 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671